VESER *v.* GUARDIAN LIFE INS. CO. OF AMERICA.

(Decided July 22, 1935.)

*Mr. Bert H. Long* and *Mr. Milton M. Bloom,* for plaintiff in error.

*Messrs. Hightower & O'Brien,* for defendant in error.

McCURDY, J. Upon the trial of this case in the Court of Common Pleas of Hamilton county, at the close of all the evidence, on motion made by defendant Guardian Life Insurance Company of America, the

court directed a verdict for the life insurance company and overruled a motion for a new trial. Whereupon the plaintiff in the court below, Arthur A. Veser, instituted error proceedings in this court.

The record discloses that Jacob Pels solicited both Arthur Veser and Emil J. Veser, brothers, partners in the clothing business, for insurance on their lives, each in favor of the other, and that on June 27, 1928, both Arthur Veser and Emil J. Veser signed applications which contained the following provision:

"That the foregoing statements and answers together with this declaration and the statements and answers in Part II hereof are full, complete and true, and shall form the basis for the proposed contract of insurance; that no agent, medical examiner, or any other person, except the Executive Officers of the Home office of the Company, has any power on behalf of the Company (a) To make, modify, or discharge any contract of insurance, or (b) To bind the Company by any promise respecting any benefit under any policy issued hereunder; that, except as otherwise stated in the form of binding receipt hereto attached bearing for identification a number corresponding to the one borne by this application, there shall be no contract of insurance until a policy shall have been issued and delivered by the Company and the first premium paid thereon during my lifetime and continued good health."

On or about July 9, 1928, the policy of insurance on the life of Emil J. Veser, in which Arthur A. Veser was named as beneficiary, was issued by the company and sent to the Cincinnati office of the district agent of the company, and on the seventeenth day of July, 1928, Emil J. Veser contracted pneumonia and died on July 23, 1928. The insurance policy in question was never delivered by the company to Emil J. Veser and no premiums were ever paid on this policy.

It is contended on behalf of the plaintiff that the soliciting agent, Pels, assured the Veser brothers, and agreed with them, before the signing of the applications and again after the signing of the applications, that if the brothers passed satisfactory physical examinations they would be insured immediately upon the passing of the physical examinations, and that the provision in the application to the effect that "there shall be no contract of insurance until a policy shall have been issued and delivered by the company and the first premium paid thereon during the lifetime and continued good health of Emil J. Veser" was waived on behalf of the company by the soliciting agent Pels, and also by one Isgrig, the district agent. The principal testimony relied upon to support this claim is in the examination of the witness Arthur Veser, as follows:

"Q. What did Pels say to you at the time you signed the application with reference to when any policies would be issued? A. He says that they will be issued as soon as you pass your examination, then you will be insured, then you are practically insured."

And, further, in the examination of the witness Pels, is the following:

"Q. And what was said, if anything, as to when the insurance would be effective with reference to the time of the physical examination? A. As soon as the policies are delivered the insurance is in effect. The insurance will go in effect as soon as the boys pass the examination.

"Q. Did you ask them for any premium at the time these applications were signed? A. They said 'Well, we will give you the money in advance'. I says 'Since you have not got the policies why not wait until you get the policies then you can pay me.'"

The court below directed a verdict on behalf of the insurance company for the reason that notwithstand-

ing the conversations had between the soliciting agent and the Veser brothers neither the soliciting agent nor the district agent had any authority to waive the terms of the written application, and, further, that both the law of the state of Ohio and of the state of New York require a written application, that the applicants were bound by the terms thereof, and that the delivery of the policy before the death was a condition precedent to the obligation on the part of the insurance company. After careful examination of the record we are of the opinion that it was not only the duty of the court to direct a verdict for the defendant for these reasons, but it was likewise the duty of the court to direct a verdict for the defendant insurance company for the further reason that the plaintiff in the court below failed to prove a verbal contract of waiver. The testimony and circumstances relied upon by the plaintiff can in no way be interpreted to support a claimed agreement that the delivery of the insurance policy, referred to in the written application, was waived. Arthur Veser and Emil J. Veser when they signed the application containing this provision understood that a delivery of the policy was necessary before the contract of insurance would be in effect, and when they made an offer to pay a premium *in advance* and were advised to wait until they got the policies, and further, when they were advised by Pels that the insurance would go into effect ''as soon as the policies were delivered.''

The principal concern of the Veser brothers was whether they could secure insurance, because of the state of health of Arthur Veser, who at the time was suffering from high blood pressure. It was clearly in reference to this matter that there was considerable conversation in relation to physical examinations, and this can not now be relied upon as a waiver of the terms of the application to which it had no reference.

Because of the failure on the part of the plaintiff below to prove a waiver of the provision of the application quoted heretofore, and because of the failure of the plaintiff below to prove any authority on the part of the soliciting agent and district agent to bind the insurance company under the claimed waiver, it became the duty of the Court of Common Pleas to direct a verdict on behalf of the defendant below, and for these reasons the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and BLOSSER, J., concur.

MIDDLETON, P. J., BLOSSER and McCURDY, JJ., of the Fourth Appellate District, sitting by designation in the First Appellate District.